Hash, O. J.
 

 The plaintiffs’ bill cannot be sustained. The substantial facts upon which the case turns, are not controverted, and are as follows: The plaintiff Cannaday, was the owner of a tract of land, which he contracted to sell to the defendant Shepard, at the price of $1200. Shepard transferred, by delivery to Cannaday, a bond for $125, executed by Daniel R. Henderson and Robert Aman, and executed his bond to the plaintiff Cannaday, for the balance of the stipulated price ; Can-naday at the same time executed a bond for title, when the money should be paid. Subsequently, on the application of the defendant Shepard, the parties cancelled the bargain, upon condition that Cannaday should retain the bond of Hen
 
 *228
 
 derson, and give Shepard his note for $25. Upon this agreement, Cannaday executed and delivered to Shepard, his note for the $25, and surrendered to him, his (Shepard’s) note, or bond, and the latter surrendered the title-bond to Cannaday ; the latter retaining the Henderson bond. Cannaday transferred the latter bond to Green Cannaday, and he to Averitt, one of the plaintiff’s. A suit was brought upon it by Averitt, in the name of Shepard, who, at the return term, appeared in Court and dismissed it. The bill is brought upon the alleged equity of Cannaday, to recover the amount against Henderson and liis surety and Shepard ; the former having paid to Shepard the amount due, with full knowledge of the claim of Cannaday.
 

 The first enquiry is, what is the equity of Cannaday, admitting for the present, that the contract for the sale and purchase of the land, was valid ?
 

 The transfer of the Henderson bond, left the legal title to it still in Shepard. It could be legally transferred only by endorsement. If transferred, however, for a valuable eonsidertion, it would convey to the transferree an interest which a Court of Equity will protect. The bill is one for specific performance ; and when such a decree is asked, there must be a valuable consideration to support the equity. Adams’ Eq.
 
 79.
 
 It is not protended that any money was paid by Cannaday ; but it is alleged that the compromise was a sufficient consideration. The compromise of a doubtful right, is certainly a sufficient consideration to support a contract; but there ivas here no compromise, properly speaking, but simply a rescinding of a contract upon the condition imposed by the plaintiff Cannaday. The contract of sale between the parties was absolutely void as to Shepard. _ He had signed no memorandum or note of the contract, either by himself or any other person, (Bor. Stat. ch. 50, sec. 8,) nor did the execution of the bond for title hy Cannaday, alter the position of Shepard. The contract, as to him, was void, and he had nothing to compro-miso. The title to the Henderson bond, both at Law and in Equity, was in him. The plaintiff paid no valuable consider
 
 *229
 
 ation for the Henderson bond, whereon to ground an equity. The first requisite for the enforcing of a contract is that there he a valuable consideration, either of benefit bestowed, or of disadvantage sustained, by the party in whose favor a contract is sought to bo enforced. Adams’ Eq. 78;
 
 Minturn
 
 v.
 
 Seymour, 4
 
 John’s. Ch. Rep. 497. What benefit was bestowed on Shepard, by the contract transferring the Henderson bond to Cannaday ? — or what disadvantage was sustained by the latter? We cannot see any.
 

 But again, the contract sought to be enforced must not be oppressive on the defendant. Adams’ Eq. 83. Where a contract is hard and destitute of all equity, the Court will leave the parties to their remedy at law.
 
 King
 
 v. Hamilton, 4 Peters’ Rep. 311;
 
 Leigh
 
 v.
 
 Crump,
 
 1 Ire. Eq. 299.
 

 The specific performance of a contract in equity, is not a matter of absolute right in the party, but of sound discretion in the Court. To be carried into execution by a Court of Equity, the agreement must be “certain, fair and just in all its parts.” Per Gaston, J., in
 
 Leigh
 
 v.
 
 Crump, ubi supra.
 
 The contract here was not fair. The defendant was made to believe that the agreement, as to the purchase of the land, was binding on him. The whole course of the plaintiff in rescinding the contract,, as appears from the bill itself, shows this to have been the-fact. It is not just that the plaintiff should keep the land, and’claim the amount of"the Henderson bond, for four hundred dollars. The contract was hard and oppressive on the defendant. There is no equity in the claim of the plaintiffs. If there was, it is not superior to that of the defendants. Where equities are equal between the parties, the Court will not interfere ; much less will they displace a superior, to make way for an inferior equity. Here, the defendant Shepard lias not only a superior equity, but also the legal title.
 

 The bill alleges that Green Cannaday and Averitt, each, paid a valuable consideration for the Henderson bond ; there is no evidence to support the allegation; but if proved, it would not avail the plaintiffs, for they had full knowledge that the
 
 *230
 
 legal title to the bond was in Shepard,' and all they can claim is to stand in the shoes of Jesse H. Cannaday, for whose benefit, no doubt, tho action at law was brought, and this bill filed.
 

 PeR Cueiam. Bill dismissed with costs,